IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES of AMERICA

v.  Criminal Case No. 1:11cr32

JULIE K. McCAMMON,
     Defendant.

**MEMORANDUM OPINION/ORDER AND REPORT AND RECOMMENDATION**
**I**
**Procedural History**

Julie K. McCammon [Defendant] was indicted April 5, 2011. The single count indictment charges Defendant with evasion of payment of assessed federal income taxes in violation of 26 U.S.C. §7201. It alleges Defendant "did willfully attempt to evade and defeat the payment of income tax due ... to the United States of America for the calendar years 2000 through 2003, in the approximate amount of $878,996.00. It alleges Defendant engaged in such attempted evasion by taking affirmative acts such as:" 1) starting in December 2006 beginning to maintain a cash lifestyle "by taking large cash withdrawals of unreported income from her business bank accounts"; 2) in 2007 making cash withdrawals from the business account; 3) dealing substantially in cash and using cashiers' checks and money orders to pay bills and keeping very limited funds in business and personal bank accounts from December 2006; 4) by taking checks se received as a health care provider from insurance companies and third-party payees, endorsing the same and sending them to various credit card companies in payment of substantial personal expenditures; 5) and other acts of evasion.

Defendant filed her Motion to Dismiss Indictment with supporting memorandum of law on April 23, 2011 [DE 10].

Defendant was arraigned and pled not guilty to the charges in the indictment on April 26,

2011 [DE14]. Pursuant to the Initial Scheduling Order entered April 26, 2011, the case was set for trail on June 28, 2011 and a final pretrial was scheduled before the District Judge on June 17, 2011 [DE 17]. The District Judge referred the Motion To Dismiss to the undersigned by Order dated April 28, 2011 [DE 18]. The United States filed her Response on May 2, 2011 [DE 19].

May 13, 2011 Defendant filed her Motion for Bill of Particulars [DE 21]; her Motion for Court to Conduct Inquiry into Possible Rule 6(e) violations [DE 26]; and her Notice of Expert Evidence of a Mental Condition [DE 23]. On Jay 23, 2011 the United States filed her combined Response to Motion for Bill of Particulars and Motion for Court to Conduct Inquiry into Possible Rule 6(e) violations [DE 33]. On May 27, 2011 Defendant sought leave to file a Reply [DE34]. Leave was granted by the undersigned by oral order announced during the motions hearing of May 31, 2011 [DE 36].

On May 31, 2011 hearings were held on the pending motions. Defendant appeared in person and by her counsel of record, Paul J. Harris. The United States appeared by Assistant United States Attorney Randolph J. Bernard. Although argument was heard on the above pending motions, no evidence was offered or received.

## II.
## Opinion / Order DE 21, 23 and 26

**DE 26**

During the hearing, counsel for Defendant, for reasons apparent on the record and in the presence of Defendant moved to withdraw his Motion for Court to Conduct Inquiry into Possible Rule 6(e) violations [DE 26]. The undersigned orally granted the motion. The District Judge referred that non-dispositive motion to the undersigned Magistrate Judge by order dated June 9, 2011 [DE 43]. Upon consideration of all which and in confirmation of the oral ruling previously made, Defendant's oral motion to withdraw her Motion for Court to Conduct Inquiry into Possible Rule

6(e) violations [DE 26] is **GRANTED and the same is hereby ORDERED WITHDRAWN.** The clerk is hereby directed to remove DE 26 from the docket of Motions actively pending before the court.

**DE 21**

Based on the arguments of counsel during the hearing, the undersigned determined the United States had already disclosed and Defendant's counsel had reviewed substantial Rule 16 discovery with respect to the 4 specified categories or "pigeon holes" of acts of evasion in the indictment, to wit:  1) starting in December 2006 beginning to maintain a cash lifestyle "by taking large cash withdrawals of unreported income from her business bank accounts"; 2) in 2007 making cash withdrawals from the business account; 3) dealing substantially in cash and using cashiers' checks and money orders to pay bills and keeping very limited funds in business and personal bank accounts from December 2006; 4) by taking checks se received as a health care provider from insurance companies and third-party payees, endorsing the same and sending them to various credit card companies in payment of substantial personal expenditures.  The undersigned further determined Defendant's Motion for Bill of Particulars [DE21] was really to find out what the United States was alleging were acts of evasion not covered within the four specific categories but which may be included in the "catch-all" category encompassed by the language in the indictment: "and other acts of evasion."  The United States argued that it knew of no other acts of evasion but did not want to be precluded from offering the same if discovered between the time of indictment and trial.  On inquiry, it was determined the United States could conduct a review and determine if there were other categories of evasion that are encompassed in the language: "and other acts of evasion" which were not identified in the 4 specified categories of acts of evasion set out in the indictment by June 7, 2011.  Accordingly the undersigned orally ruled that the United States was to disclose to

Defendant any category of evasion not disclosed and encompassed in the already charged and specified four categories by June 7, 2011. On June 7, 2011, the United States filed her Response in accord with the undersigned's oral ruling of May 31, 2011 [DE 41]. The District Judge referred that non-dispositive motion to the undersigned Magistrate Judge by order dated June 9, 2011 [DE 43]. Upon consideration of all which and in confirmation of the oral ruling previously made and since acted on by the United States, Defendant's Motion for Bill of Particulars [DE 21} is **GRANTED IN PART AND DENIED IN PART.** It is **ORDERED** that the United States disclose to Defendant such other or additional categories of overt acts of evasion she intends to pursue at trial other than the four categories listed in the indictment on or before June 7, 2011. The clerk is directed to remove DD 21 from the docket of motions actively pending before the Court.

**DE 23**

During the hearing of May 31, 2011, the United States noted Defendant had Notice of Expert Evidence of a Mental Condition [DE 23]. Based on that filing the United States moved the Court to require the Defendant to timely comply with F.R.Crim.P. 12.2(a) if she intended to assert a defense of insanity at the time of the alleged offense. For reasons apparent to the undersigned, the Defendant was orally ordered to provide the Notice required by F.R.Crim.P. 12.2(a) by June 7, 2011 or be thereafter precluded from asserting such an insanity defense. On June 7, 2011, in accord with the undersigned's oral order, Defendant filed her Withdrawal Of Defendant's Notice Of Expert Evidence Of A Mental Condition [DE 42]. No F.R.Crim.P 12.2(a) notice of insanity defense was provided. The District Judge referred that non-dispositive motion to the undersigned Magistrate Judge by order dated June 9, 2011 [DE 43]. Upon consideration of all which and in confirmation of the oral ruling previously made and since acted on by the Defendant, the oral motion of the United States to require the Defendant to timely comply with F.R.Crim.P. 12.2(a) if she intended to assert a defense

of insanity at the time of the alleged offense is **GRANTED.** Defendant is **ORDERED** to give notice in accord with F.R.Crim.P. 12.2(a) by June 7, 2011 or be precluded from thereafter asserting an insanity defense.

### III
### Memorandum Opinion/Report and Recommendation

Defendant moves to dismiss the indictment asserting it "fails to allege a nexus between the affirmative acts in paragraphs 1, 2, 3, 4, and 5 of the indictment, and the taxes allegedly owed for years 2000 and 2003." Defendant relies on the memorandum and order of the District court for the Eastern District of California in United Stats of America v. James Stewart Richards, No 2:10-cr-89.

Richards was indicted March 11, 2010 with one count of evading and defeating federal income taxers in the sum of $177,875 for the years 1994 through 2003. The indictment alleged Defendant concealed and attempted to conceal the nature of his income, assets and locations from 2001 through 2008 by failing to disclose ownership of property, concealment of the purchase of a yacht in another person's name and falsely representing the about and whereabouts of cash and cashier's checks. The District Judge dismissed the indictment holding "nothing on the face of the indictment indicates how Defendant's more recent behavior [alleged acts of evasion], falling in the appropriate statutory period [6 years], constitutes affirmative acts to attempt to evade, or actually evade, paying taxes from 1994 through 2003, years well outside the relevant statutory period."

"To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." US. v. Williams, 152, F.2d 294, 299 (4th Cir. 1998) citing United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992). "One of the principal purposes of an indictment is to apprise the accused of the charge or charges against him so he can

prepare his defense." *Id.* citing United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990).

Unsurprisingly, the United States disagrees contending the indictment against McCammon tracks the statutory language of the offense charged; sets forth the elements of the offense; and is sufficient to enable McCammon to plead double jeopardy in subsequent prosecutions for the same offense.

Defendant McCammon is charged with violation of 26 U.S.C. §7201. It provides: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more that $100,000 ..., or imprisoned not more than 5 years, or both, together with the costs of prosecution."

The required elements of this offense are: "1) that the defendant acted willfully; 2) that the defendant committed an affirmative act that constituted an attempted evasion of tax payments; and 3) that a substantial tax deficiency existed." U.S. v. Wilson, 118 F.3d 229, 236 (4th Cir. 1997) citing United States v. Goodyear, 649 f.2d 226, 227-28 (4th Cir. 1981). The Court went on to note: "The jury may infer a 'willful attempt' from 'any conduct having the likely effect of misleading or concealing.'" *Id.*

While arguing the indictment against McCammon is sufficient, the United States during its written and oral arguments impliedly concedes the indictment is not a model of clarity. However, it relies on the following language from United States v. Shorter, 608 F.Supp. 871, 874, aff'd. 809 F.2d 54 (D.C.Cir. 1987) for support: "[the validity of an indictment in this respect is to be determined upon practical rather than technical grounds... The test is not whether the indictment might have been drawn with greater certainty and exactitude, but whether it sets forth the elements of the offense and sufficiently apprises defendant of the charges. In this case the indictment clearly

alleges a violation of a cited statute, sets forth all the essential elements of the crime... and details both the amount of tax deficiencies and the methods alleged to have been employed by defendant to evade the payment of those taxes. This is sufficient to inform him of the charges against him and protect him against double jeopardy."

The indictment in the instant case reads:

### COUNT ONE
### (Evasion of Payment of Assessed Federal Income Taxes)

Beginning in or about December 2006, and continuing up to the date of this indictment, in Harrison County, in the Northern District of West Virginia, and elsewhere, the defendant Julie K. McCammon, a resident of Bridgeport, West Virginia, did willfully attempt to evade and defeat the payment of income tax due and owing by her to the United States of America for the calendar years 2000 through 2003, in the approximate amount of $878,996.00, by taking affirmative acts of evasion such as:

1) Beginning in December of 2006, the defendant began to maintain a cash lifestyle by taking large cash withdrawals of unreported income from her business bank accounts. In December 2006, alone, defendant made cash withdrawals from the business account in excess of $22,500.00;

2) In the year 2007, defendant made cash withdrawals from the business account in the approximate amount of $445,504.00;

3) At or about the same time that defendant began to deal substantially in cash (December 2006), defendant also began to pay bills using cashiers' checks and money orders, and kept very limited amounts in both business and personal business bank accounts;

4) As a health care provider, defendant received checks from numerous insurance companies and third-party payees as payment for services. Beginning in or about January 2007, defendant began to endorse and send these third-party checks directly to various credit card companies in payment of substantial personal expenditures;

5) and other acts of evasion.

IN VIOLATION OF TITLE 26, UNITED STATES CODE SECTION 7201

The McCammon indictment clearly charges her with violation of 26 U.S.C. §7201: attempted evasion of payment of taxes due. The element that a substantial tax deficiency existed is met by the allegation that she owed income taxes to the United States for the calendar years 2000 through 2003 in the approximate amount of $878,996.00. The element that she committed an affirmative act that constituted an attempted evasion of tax payments is met by the allegations

contained in paragraphs number 1 through 5 of the indictment. Finally, the element that the act or acts of evasion be willful is met by the allegations that McCammon is alleged to taken the affirmative acts of evasion set out in the above 5 numbered paragraphs, to wit; to have converted to a cash lifestyle starting in December 2006; making cash withdrawals from business accounts in 2007; dealing substantially in cash, cashiers' checks and money orders to pay bills starting in December 2006; receiving checks from insurance companies and third-party payees and endorsing them directly to creditors in payment of her personal expenses; and other acts to "willfully evade and defeat the payment of the income tax" she owed.

The charge in the indictment clearly advises her that the attempted willful evasion of payment she is being charged with is taxes due and owing for 2000, 2001, 2002 and 2003. This is sufficient to enable McCammon to plead double jeopardy in subsequent prosecutions for the willful attempt to evade payment of taxes due and owing for 2000, 2001, 2002 and 2003.

The undersigned is not bound by a district court decision arising out of the 9th Circuit. The undersigned concludes the indictment does allege a nexus between the acts of evasion and the taxes due and owing. It just does not spell out the specifics of the connection alleged. Nor is it required to. United States v. Loayza, 107 F.3d 257, 261 (4th Cir 1997). The undersigned further concludes the indictment tracks the statutory language (United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999) and "fairly informs the defendant of the exact charges and that the alleged acts of evasion are within the 6 year statute of limitation." US. v. Williams, *supra.*

## RECOMMENDATION

For the reasons herein stated it is the undersigned's **RECOMMENDATION** that Defendant's Motion to Dismiss the Indictment [DE 10] be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and

Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: June 9, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE